CARROLL, CHARLES A., Associate Judge.
This is an appeal by the plaintiff below from an adverse summary judgment, in an action on an insurance policy to recover certain medical expenses.
The plaintiff became employed by Leeds Shoes, Inc. on .or about October 1, 1971. He enrolled in the company’s insurance program, represented by a policy issued by the appellee which contained provision for payment of surgical and major medical expenses. Thereafter, on October 25, 1971, the plaintiff’s child, then two and one-half years of age, underwent corrective surgery for a heart defect. Following rejection by the insurer of the plaintiff’s claim for his medical expenses incident thereto, he filed this action.
The insurer defended on the ground of noncoverage, relying upon an exclusionary provision in the policy. Regarding coverage for dependents, the policy contained a provision that as to dependents who were disabled when the insurance would otherwise become effective, the insurance would not be effective until (1) such dependent should complete 31 consecutive days while not disabled or (2) evidence of the insura-bility of such dependent was approved by the insurer, whichever should first occur.
Applicable to the plaintiff’s dependent child aged two and one-half years (not employed or in school) the term “disabled” as used in that exclusionary clause was defined in a provision of the policy reading as follows:
“For the purposes of this provision a dependent shall be deemed to be disabled (1) in the case of a child of the employee (other than a child who is either employed for wage or profit or enrolled in an educational institution), if the dependent has any disabling bodily injury, bodily sickness or mental infirmity, and (2) in the case of any other dependent, if the dependent, by reason of bodily injury, bodily sickness or mental infirmity, is prevented from performing his regular *20 or customary work or duties (including work or duties of the household or for a nonprofit organization, club or other social organization) or from attending his school regularly. For- the purposes of this provision, a child shall not be considered enrolled in an educational institution during school vacation periods.”
The child had a congenital heart defect, having been born as a “blue baby.” The condition was described as a transposition of the great vessels of the heart, with a single ventricle and pulmonary artery sten-osis.
Material to coverage under the policy for the medical expenses in this instance was the pivotal question of whether the child had a “disabling bodily sickness,” and thereby was “disabled” within the meaning of the policy at the time the insurance otherwise would have become effective.
Appellant contends genuine issues of fact were presented, precluding the entry of summary judgment for the defendant. On consideration of the record, briefs and argument we hold the contention is without merit.
The motion of the defendant was supported by deposition testimony of treating cardiovascular surgeons. Therein it was disclosed that a child born with such a heart defect ordinarily will not survive much beyond two years unless the condition is surgically corrected; that the defect restricts the flow of blood to the lungs, causing an oxygen intake deficiency; that the condition can cause blackout spells, any one of which could be fatal; that the child had experienced such spells, and, as one of the doctors stated, the child “could not walk across the room without wobbling and falling down”; and that a degree of risk to the life of the child had been taken by deferring the corrective surgery beyond two years from the date of birth. Even without being expressly stated by the doctors to be a “disabling bodily sickness,” the condition of the child, as described by the doctors, clearly appeared to be so. One of the doctors so classified it. Upon being informed of the wording of the provision of the policy which is quoted hereinabove, and asked whether the child had a disabling bodily sickness, he answered: “Absolutely.”
The matter in opposition thereto relied on by the appellant as creating a genuine triable issue as to whether the child had a disabling bodily sickness was the affidavit of the plaintiff, stating the child could do things other children of his age did.
By decisions too numerous to justify their citation, it is established that the party moving for summary judgment has the burden to establish the absence of genuine issues of material fact; that a party moved against is not required to come forward to establish a genuine issue of material fact until the moving party by motion and sufficient evidentiary support thereof has made a showing which, if not successfully opposed, would entitle him to summary judgment; but that creation of paper issues and presentation by the party moved against of contrary or conflicting evidence which does not raise a genuine issue of material fact, will not preclude the granting of summary judgment, if the granting thereof otherwise is appropriate.
We are in agreement with the conclusion necessarily reached by the trial court that the statement of the plaintiff in opposition to the motion that this two or two and a half year old child could do things other children of his age did, was insufficient to create a genuine issue as to whether the established condition of the child constituted a disabling bodily sickness, in view of the unrefuted evidence of the doctors as to the existence, nature and effects of the medical condition with which the child was afflicted prior to the corrective surgery.
The judgment is affirmed.
RAWLS, C. J., and WIGGINTON, J., concur.